IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| James H. Burks, IV, | : | Case No. 1:05-CV-689 |
| | : | |
| Plaintiff, | : | District Judge Susan J. Dlott |
| | : | |
| v. | : | ORDER DENYING |
| | : | PLAINTIFF'S MOTION FOR |
| Yellow Transportation, Inc., | : | SANCTIONS |
| | : | |
| Defendant. | : | |
| | : | |

This matter is before the Court on Plaintiff James H. Burks' Motion for Sanctions. (Doc. 39.) For the reasons that follow, the Court **DENIES** Plaintiff's Motion.

**I.    BACKGROUND**

On October 24, 2005, Burks filed a complaint against Defendant Yellow Transportation, Inc., asserting claims for discrimination and retaliation on the basis of race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2 and 42 U.S.C. § 1981, and wrongful termination due to race, in violation of Ohio Rev. Code § 4112.01 *et seq*.  Specifically, Burks alleged that Yellow Transportation did not promote him from an on-call to a full-time position because he is black. Yellow Transportation moved for summary judgment on the basis that Burks failed to establish sufficient facts to prevail on his federal discrimination and retaliation claims, that Burks could not as a matter of law prevail on his state-law wrongful termination claim because he was not terminated, and that Yellow Transportation was in any event shielded

1

from all liability due to the after-acquired evidence rule. (Doc. 12.) On January 8, 2007, this Court granted Yellow Transportation's motion for summary judgment. (Doc. 34.)

Burks subsequently moved for reconsideration of the Court's Order Granting Defentant's Motion for Summary Judgment, alleging in part that Yellow Transportation intentionally withheld certain information during the discovery period and made false and misleading statements in its Reply in Support of its Motion for Summary Judgment. (See doc. 36.) Finding that Burks failed to point to any intervening change of controlling law, new evidence, or the need to correct a clear error or prevent manifest injustice that was sufficient to warrant reconsideration, the Court denied Burks' motion. (Doc. 37.)

Unrelenting, Burks now moves for sanctions, once again alleging that Yellow Transportation made false and misleading statements in support of its Motion for Summary Judgment, cited stale, clearly reversed law on the after-acquired evidence rule, and made untimely disclosures and intentionally withheld certain information during the discovery period. (Doc. 39.)

## II.     LEGAL STANDARD

Burks seeks sanctions pursuant to 28 U.S.C. § 1927 and Rules 11(c) and 37(c)(1) of the Federal Rules of Civil Procedure.[1]

---

[1] The Sixth Circuit has recently held that a party may move for sanctions after the entry of a final order, and that even after notice of appeal has been filed, federal courts retain jurisdiction to issue sanctions. Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater, 465 F.3d 642, 645 (6th Cir. 2006) (noting that "a court's jurisdiction to issue sanctions under 28 U.S.C. § 1927 or pursuant to a court's inherent authority is ever present").

Federal courts possess "inherent power to assess attorney's fees against counsel who willfully abuse judicial processes or who otherwise act in bad faith." Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater, 465 F.3d 642, 646 (6th Cir. 2006). Statutes such as 28 U.S.C. § 1927 and federal procedural rules such as Fed. R. Civ. P. 11(c) and 37(c)(1) confer additional sanction authority upon the courts.

Thus, for example, 28 U.S.C. § 1927 authorizes sanctions under certain circumstances even absent any showing of bad faith. Specifically, § 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

The Sixth Circuit notes that, "unlike sanctions imposed under a court's inherent authority, § 1927 sanctions require a showing of something less than subjective bad faith, but something more than negligence or incompetence." Red Carpet Studios, 465 F.3d at 646; see also Jones v. Continental Corp., 789 F.2d 1225, 1230 (6th Cir. 1986)("we hold that 28 U.S.C. § 1927 authorizes a court to assess fees against an attorney for 'unreasonable and vexatious' multiplication of litigation despite the absence of any conscious impropriety"). The purpose of the sanctioning power authorized under § 1927 is to "is to deter dilatory litigation practices and to punish aggressive tactics that far exceed zealous advocacy." Red Carpet Studios, 465 F.3d at 646. "Thus, an attorney is sanctionable when he intentionally abuses the judicial process or knowingly disregards the risk that his actions will needlessly multiply proceedings." Id. at 646.

Burks also seeks sanctions under Rules 11 and 37(c)(1) of Federal Rules of Civil Procedure. Sanctions under Rule 11(c) and 37(c) are tied to pleadings and discovery, respectively. Rule 11 states in relevant part as follows:

> (b) Representations to Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; [and]
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .
>
> (c) Sanctions. If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

Fed. R. Civ. P. 11(b), (c). The test for determining whether to award Rule 11 sanctions is "whether the individual's conduct was reasonable under the circumstances." International Union, United Auto., Aerospace and Agr. Implement Workers of Am. v. Aguirre, 410 F.3d 297, 304 (6th Cir. 2005). If a federal court determines that a pleading has been signed in violation of Rule 11, the court must impose sanctions and the sanctions must be reasonable. Bodenhamer Bldg. Corp. v. Architectural Research Corp., 989 F.2d 213, 217 (6th Cir. 1993).

Finally, Rule 37(c)(1), authorizing sanctions for a party's noncompliance with certain rules of discovery, provides:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

The Sixth Circuit "has established that Rule 37(c)(1) mandates that a trial court sanction a party for discovery violations in connection with Rule 26(a) unless the violations were harmless or were substantially justified." Sexton v. Uniroyal Chem. Co., Inc., 62 Fed. App'x 615, 616 (6th Cir. 2003).

## III. ANALYSIS

Burks posits three main bases for why Yellow Transportation should be subject to sanctions. The first two – that Yellow Transportation made false and misleading statements and cited clearly reversed law in support of its motion for summary judgment – relate specifically to the pleadings and therefore fall mainly within the scope of Fed. R. Civ. P. 11. As an initial matter, the Court notes that all of the allegedly false statements relate to Yellow Transportation's after-acquired evidence argument, which the Court did not consider in granting summary judgment to the company. Nonetheless, the Court herein examines Yellow Transportation's statements to determine if they lacked evidentiary support or were sufficiently misleading as to violate Rule 11.

Burks first claims that Yellow Transportation falsely stated that Burks lied in his deposition by testifying that his former employer, International Paper, laid him off. Indeed, Burks never stated in his deposition that he was "laid off" from International Paper.

5

Nonetheless, Burks did state that he could not remember having any disciplinary issues while at International Paper. (Burks Dep. 21.) Moreover, Burks wrote on his Yellow Transportation employment application, about which he testified as an exhibit during his deposition, that the reason that his employment with International Paper ended was because of a "layoff." (See Burks Dep. Ex. 1.) A further review of the evidence reveals that Yellow Transportation had subsequently learned from Burks' supervisor at International Paper that the company had actually terminated Burks for "consistently violating the company's policy regarding the use of company assets." (Bovee Aff. ¶¶ 2-3, doc. 29, ex. 1.) Therefore, though the Court cautions defense counsel to take better care in the future to avoid such overstatements as described above, the Court finds that Yellow Transportation's statement that Burks lied about being laid off is not so lacking in evidentiary support as to warrant sanctions.[2]

The same statement can be made for the remainder of Yellow Transportation's alleged misstatements. For example, Burks next takes issue with Yellow Transportation's statement that "In response [to Defendant subpoenaing Plaintiff's personnel file], Plaintiff 'corrected' his deposition testimony through an errata sheet indicating he had been 'terminated for wrongful use of equipment.'" (See doc. 39 at 5.) Burks claims this statement is misleading because he did not in fact submit the errata sheet *in response* to Yellow Transportation's subpoena, but rather submitted it one day prior to the issuance of the subpoena. The Court does not find Yellow Transportation's sequencing of the events to be a significant misstatement.

Finally, Burks claims that the following statement is also false: "Furthermore, Plaintiff admits his own false statements on his application and resume about the length of his

---

[2] The fact that Burks disputes the reason for his termination from International Paper is inapposite.

...

International Paper tenure delayed the completion of his paper set. (See Burks Dep. II, pp. 268-73.)" (Doc. 29 at 17.) Burks claims that the only "false statement" he made in his application and resume was that he left International Paper in 2003 rather than 2002, and denies ever discussing this in his deposition. Contrary to Burks' assertion, he did indeed admit to intentionally stating on his resume and application that he left International Paper in 2003. (Burks Dep. 268-73.) He did so because he did not want to disclose that during 2003 he had worked for a pharmaceutical company that sold "penis medicine." (Id. at 268-69.) Yellow Transportation cites further evidence that it requested that Burks provide verification of his dates of employment with International Paper and that Burks did not provide accurate dates of employment until June 7, 2004 – over two months after he began working for Yellow Transportation.[3] (See Klockseim Dep. 41-43, Ex. 42.) Accordingly, the disputed statement is sufficiently supported by evidence and is not significantly misleading.

Burks' next basis for requesting sanctions is that Yellow Transportation cited clearly-reversed law on the after-acquired evidence rule, and failed to cite the controlling case, McKennon v. National Banner Publishing Co, 513 U.S. 352 (1995), in violation of Rule 11(b)(2). In arguing that the after-acquired evidence rule barred Burks' claims, Yellow Transportation relied on Wehr v. Ryan's Family Steak Houses, Inc., 49 F.3d 1150 (6th Cir.

---

[3] Exhibit 42 to the deposition of Pamela Klockseim, the Human Resource Specialist at Yellow Transportation who handled Burks' file, is an email from Klockseim to Burks' supervisor specifically stating that she had reviewed Burks' paperset and needed additional information from him, including verification that he was at International Paper in 2003. She further stated that International Paper had informed her that Burks was not there in 2003.
Burks claims that his omission was immaterial and suggests that it did not interfere with Klockseim's ability to process his paperset because Klockseim had already learned of the correct dates of his employment with International Paper. Klockseim's email shows that she delayed processing Burks' paperset to give him an opportunity to provide verification that he was indeed still employed by International Paper in 2003.

1995), and Bazzi v. The Western and Southern Life Insurance Co., Case No. 93-1578, 1994 WL 252800 (6th Cir. June 9, 1994).  Burks contends that these cases are no longer good law and that the Supreme Court clarified in McKennon that under the after-acquired evidence rule, a plaintiff is not entitled to front pay or reinstatement, but can recover back pay, albeit only to the date the employer learned of the after-acquired evidence.  See 513 U.S. at 362.  Yellow Transportation, on the other hand, contends that McKennon should be read as merely rejecting a per se bar of back pay under the after-acquired evidence rule and claims the Supreme Court left open the possibility that under certain circumstances a complete bar of back pay may be warranted.

The Court's review of the relevant case law demonstrates that Yellow Transportation's reading of McKennon is neither frivolous or unwarranted.  Therefore, while it would have been best for Yellow Transportation to address, even briefly, McKennon v. National Banner Publishing Co., 513 U.S. 352 (1995), the Court does not find Yellow Transportation's argument that the Court should apply Wehr or Bazzi to be so unreasonable as to warrant sanctions.

As his third and final basis for requesting sanctions, Burks alleges several instances in which Yellow Transportation withheld certain materials during the discovery process.  The Court has already addressed many of these allegations in its Order Granting Summary Judgment, wherein it noted that "several of the alleged discovery problems the Plaintiff cites could have been addressed during the discovery period had Plaintiff brought them to the Court's attention."  To the extent that Yellow Transportation failed to disclose certain materials during discovery, its actions were subsequently corrected and the company does not appear to have intentionally withheld discoverable information.

**IV.     CONCLUSION**

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Sanctions.

IT IS SO ORDERED.

                                                      ___s/Susan J. Dlott_____
                                                      Susan J. Dlott
                                                      United States District Judge